NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-435

CP 200 STATE LLC

vs.

CIEE, INC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, CP 200 State LLC (200 State), brought this action against its commercial tenant, the defendant, CIEE, Inc. (CIEE), asserting claims for summary process eviction and breach of contract. Thereafter, the parties engaged in settlement negotiations, and a dispute arose as to whether the parties reached an enforceable agreement. CIEE filed a motion to enforce, which 200 State opposed. A judge of the Superior Court denied the motion. Following some additional procedural events, the parties filed a stipulation for an assented-to final judgment that preserved CIEE's right to challenge the denial of its motion to enforce the settlement agreement. A final judgment entered, and CIEE appeals. We conclude that the parties had an enforceable agreement and that CIEE's motion to enforce should have been allowed.

Background.  The parties' settlement communications were memorialized in e-mail messages that CIEE submitted to the motion judge.  As a result, the following facts are undisputed.  See, e.g., Duff v. McKay, 89 Mass. App. Ct. 538, 539 (2016).

On August 25, 2020, at 1:38 P.M., 200 State's counsel sent an e-mail message offering to "settle the case for $245,000, so long as payment is made within [seven] days of today by wire."  At 3:40 P.M., CIEE's counsel responded, "The client will agree to pay [$245,000] within seven days of execution of the settlement agreement, which we expect would be promptly accomplished.  This assumes tomorrow's hearing is postponed (so that no money is spent on that).  You can take first cut at the agreement.  Deal?"  At 3:59 P.M., 200 State's counsel replied as follows:

> "We have a deal provided the parties agree to and execute a written settlement agreement, which I will draft for you[r] review.

> "My office will contact the [c]ourt and take down tomorrow's hearing.  If we cannot work out a written settlement agreement then my client reserves its right to put the hearing back on at a later date."

However, later that evening, at 7:04 P.M., 200 State's counsel sent another e-mail message stating that "another layer of approval [was] needed," that the parties "d[id] not have a deal yet," and that the following day's hearing was "still on."  At 7:49 P.M., CIEE's counsel replied, "Keep me posted.  Our

2

understanding is we accepted your offer.  Let's wrap this up.
Thanks."  The following morning, at 10:13 A.M., CIEE's counsel
followed up to ask, "Where are we on this?" and to say, "I have
held off alerting the client, since it is likely to go
ballistic.  I know from our discussions yesterday that if the
hearing happens, all bets are off and we are back to zero."  At
11:11 A.M., 200 State's counsel provided a "revised" offer of
$489,827.80, plus attorney's fees.  At 11:15 A.M., CIEE's
counsel advised, "Your withdrawal of the offer comes too late.
We have already accepted your prior offer, and the parties have
a deal."

Discussion.  Contract formation requires "manifestation of
mutual assent."  I & R Mechanical, Inc. v. Hazelton Mfg. Co., 62
Mass. App. Ct. 452, 454-455 (2004).  "The manifestation of
mutual assent between contracting parties generally consists of
an offer by one and the acceptance of it by the other."  Id. at
455.  If a purported acceptance includes "[a] substantial
variation in contract terms," the "purported acceptance is not a
binding acceptance but a counter offer" that must be accepted
before a contract is formed.  Massachusetts Hous. Fin. Agency v.
Whitney House Assocs., 37 Mass. App. Ct. 238, 241 (1994).  In
other words, "there must be agreement between the parties on the
material terms of th[e] contract, and the parties must have a

3

present intention to be bound by that agreement." <u>Situation</u> <u>Mgt. Sys., Inc</u>. v. <u>Malouf, Inc</u>., 430 Mass. 875, 878 (2000).

On August 25, the parties agreed to all material terms. 200 State offered to settle for $245,000. CIEE counteroffered that it would pay $245,000, assuming that the following day's hearing was postponed. 200 State responded that the parties "ha[d] a deal," provided they could agree to and execute a written agreement. 200 State also agreed to contact the court about postponing the following day's hearing and to draft the written agreement. At that time, the parties were in agreement on all material terms, and a contract was formed. See <u>Situation</u> <u>Mgt. Sys., Inc</u>., 430 Mass. at 878. The fact that the parties contemplated the execution of a written agreement does not alter our conclusion. "No contract otherwise binding is to be treated as a nullity solely because it is a contract to execute still another document or instrument in the future" (citation omitted). <u>Targus Group Int'l, Inc</u>. v. <u>Sherman</u>, 76 Mass. App. Ct. 421, 429-430 (2010).[1]

---

[1] 200 State argues that the proposition asserted in <u>Targus Group</u> <u>Int'l, Inc</u>., 76 Mass. App. Ct. at 429-430, is inapposite because, here, the execution of a written agreement was a condition precedent to the formation of the parties' agreement. This argument was not raised below and is waived. See <u>Carey</u> v. <u>New England Organ Bank</u>, 446 Mass. 270, 285 (2006). Below, 200 State argued that it could "not be bound by a brief, disjointed email exchange that was not unequivocal, unconditional, or intended to be final on all material terms." In context, this brief statement went to whether the parties reached an agreement

4

We are unpersuaded by 200 State's argument that the postponement of the hearing was a condition precedent to the formation of the parties' agreement. "Contract conditions precedent generally are of two kinds." Haverhill v. George Brox, Inc., 47 Mass. App. Ct. 717, 719 (1999). "The first involves issues of offer and acceptance which precede and determine the formation of a contract. . . . The second arises from the terms of a valid contract and defines an event which must occur before a right or obligation matures under the contract." Id. Here, the postponement of the hearing did not pertain to an issue of offer or acceptance; it was a term of the parties' agreement. See, e.g., Yiakas v. Savoy, 26 Mass. App. Ct. 310, 313 (1988) (condition that buyer deliver satisfactory letter of credit did not pertain to offer or acceptance).

To the extent 200 State argues that its obligations under the settlement agreement did not mature because the hearing went forward, the argument is unavailing. "[I]t is fundamental that a promisor may not avoid his promised performance based on the nonoccurrence of a condition, where the promisor has himself hindered or prevented its occurrence." Lobosco v. Donovan, 30 Mass. App. Ct. 53, 56 (1991). The postponement of the hearing

---

on all material terms, not whether the execution of a written agreement was a condition precedent to the formation of the parties' agreement.

5

was within 200 State's control.  The e-mail message that 200 State's counsel sent at 3:59 P.M. on August 25 said that 200 State would contact the court to postpone the hearing.  200 State then declined to do so, and instead attempted to renegotiate the parties' settlement agreement.  Where 200 State prevented the postponement of the hearing, 200 State cannot take advantage of the fact that the hearing went forward.  See id. Viewed in a different light, once 200 State agreed to postpone the hearing, 200 State became contractually obligated to do so. 200 State's failure to postpone the hearing was a breach of its obligations, and 200 State cannot benefit from its own breach. Cf. John Hetherington & Sons, Ltd. v. William Firth Co., 210 Mass. 8, 21 (1911) ("fundamental principle of law upon which damages for breach of contract are assessed is that the injured party shall be placed in the same position he would have been in, if the contract had been performed").

The judgment is vacated, and the matter is remanded for

entry of an order enforcing the settlement agreement reached on August 25, 2020.[2]

So ordered.

By the Court (Vuono, Milkey & Hand, JJ.[3]),

Assistant Clerk

Entered: March 25, 2024.

---

[2] 200 State's request for appellate attorney's fees is denied.
[3] The panelists are listed in order of seniority.

7